IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

**CORY F. LAURITZEN,**

**Plaintiff,**

      vs.                                  Case No. 1:13CV213/MP/MD

**CAROLYN W. COLVIN,**
**Acting Commissioner of the**
**Social Security Administration,**

**Defendant.**

_____

## REPORT and RECOMMENDATION

      This case has been referred to the undersigned magistrate judge pursuant to the authority of 28 U.S.C. § 636(b) and Rules 72.1(A), 72.2(D) and 72.3 of the local rules of this court relating to review of administrative determinations under the Social Security Act and related statutes.  It is now before the court pursuant to 42 U.S.C. § 405(g) of the Social Security Act for review of a final determination of the Commissioner of Social Security (Commissioner) denying claimant Lauritzen's application for disability insurance benefits and Supplemental Security Income benefits under Titles II and XVI of the Act.

      Upon review of the record before this court, it is the opinion of the undersigned that the findings of fact and determinations of the Commissioner are supported by substantial evidence; thus, the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

      Mr. Lauritzen filed applications for benefits claiming an onset of disability as of December 1, 2006. The applications were denied initially and on reconsideration, and plaintiff requested a hearing before an administrative law judge (ALJ).  A hearing was

held on March 9, 2012 at which Mr. Lauritzen was represented by a non-attorney representative and testified, as did his mother.  A medical expert and a vocational expert also testified.  The ALJ entered an unfavorable decision (tr.15-27) and Mr. Lauritzen requested review by the Appeals Council without submitting additional evidence.  The Appeals Council declined review (tr. 1-4).  The Commissioner has therefore made a final decision, and the matter is subject to review in this court. *Ingram v. Comm'r of Soc. Sec. Admin*, 496 F.3d 1253, 1262 (11th Cir. 2007); *Falge v. Apfel*, 150 F.3d 1320 (11th Cir. 1998). This timely appeal followed.

## FINDINGS OF THE ALJ

Relative to the issues raised in this appeal, the ALJ found that Mr. Lauritzen met the insured status requirements of the Act through September 30, 2010; that he had not engaged in substantial gainful activity since his claimed onset date; that he had severe impairments of bulging disc, anxiety, depression, hepatitis C, and polysubstance abuse; that Mr. Lauritzen's impairments met sections 12.04, 12.06 and 12.09 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404,152(d) and 416.920(d)), but that if he stopped using the abused substances, including marijuana and cocaine, he would not have any impairment that met the requirements of the above sections; that if he stopped the substance use he would have the residual functional capacity to perform light work with some restrictions; that he was a younger individual with a high school equivalent education and spoke English; that substance use was a contributing material factor to the determination of disability because Mr. Lauritzen would not be disabled if he stopped the substance use; that there are jobs that exist in significant numbers the national economy that Mr. Lauritzen can perform; and that he has not been disabled as defined in the Act from his onset date of December 1, 2006.

## STANDARD OF REVIEW

In Social Security appeals, this court must review de novo the legal principles

upon which the Commissioner's decision is based.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)).  There is no presumption that the Commissioner followed the appropriate legal standards in deciding a claim for benefits, or that the legal conclusions reached were valid.  *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996); *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).  Failure either to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal.  *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

The court must also determine whether the ALJ's decision is supported by substantial evidence.  *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158-59 (11th Cir. 2004)).  Even if the proof preponderates against the Commissioner's decision, it must be affirmed if supported by substantial evidence. *Ingram*, 496 F.3d at 1260;  *Miles*, 84 F.3d at 1400.  Substantial evidence is more than a scintilla but less than a preponderance, and encompasses such relevant evidence as a reasonable person would accept as adequate to support a conclusion.  *Moore*, 405 F.3d at 1211 (citation omitted).  In determining whether substantial evidence exists, the court  must view the record as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). This limited review precludes deciding the facts anew, making credibility determinations, or re-weighing the evidence.  *Moore*, 405 F.3d at 1211 (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  Findings of fact of the Commissioner that are supported by substantial evidence are conclusive.  42 U.S.C. § 405(g); *Ingram*, 496 F.3d at 1260.

 A disability is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  To qualify as a disability the physical or mental impairment must be so severe that the claimant

is not only unable to do his previous work, "but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Social Security regulations establish a five-step evaluation process to analyze claims for both SSI and disability insurance benefits.  *See Moore,* 405 F.3d at 1211;  20 C.F.R. § 416.920 (2009) (five-step determination for SSI); 20 C.F.R. § 404.1520 (2009) (five-step determination for DIB).  A finding of disability or no disability at any step renders further evaluation unnecessary.  *See* 20 C.F.R. § 416.920;  20 C.F.R. § 404.1520.  The steps are:

1. Is the claimant currently engaged in substantial gainful activity?

2. Does the claimant have any severe physical or mental impairment that meets the duration requirement?

3. Does the claimant have any severe impairments that meet or equal those listed in Appendix 1 to subpart P of 20 C.F.R. Part 404 and meet the duration requirement?

4. Considering the claimant's residual functional capacity, can the claimant perform past relevant work?

5. Can the claimant perform other work given the claimant's residual functional capacity, age, education and work experience?

*Id*.

These regulations place a very heavy burden on the claimant to demonstrate both a qualifying impairment or disability and an inability to perform past relevant work.  *Moore,* 405 F.3d at 1211 (citing *Spencer v. Heckler*, 765 F.2d 1090, 1093 (11th Cir.1985)).  If the claimant establishes such an impairment, the burden shifts to the Commissioner at step 5 to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001); *Allen v. Bowen,* 816 F.2d 600, 601 (11th Cir. 1987).  If the Commissioner carries this burden, claimant must prove that he cannot perform the work suggested by the Commissioner.  *Doughty,* 245 F.3d at 1278 n.2; *Hale v.*

***Bowen***, 831 F.2d 1007, 1011 (11th Cir. 1987).

## DISCUSSION

Mr. Lauritzen argues that the ALJ erred (1) in failing to give an adequate explanation for his finding that Mr. Lauritzen was not fully credible, and (2) that the hypothetical question posed to the vocational expert was incomplete, and that he was disabled from his onset date.  The Commissioner argues that the ALJ's findings were supported by substantial evidence and must, therefore, be sustained.  The issue thus presented is whether the ALJ's decision that Mr. Lauritzen was not disabled, in light of his physical and mental conditions, age, education, work experience, and residual functional capacity, is supported by substantial evidence in the record.

The undersigned has not set out Mr. Lauritzen's medical history in detail, because most of it is not relevant to the issues raised herein.  For example, Mr. Lauritzen does not question the ALJ's finding concerning Mr. Lauritzen's drug abuse.  The ALJ found that Mr. Lauritzen would be disabled but for his drug use, but since drug abuse was a contributing factor material to the determination of disability, he was not disabled.  20 CFR §§ 404.1535, 416.935.  Rather, Mr. Lauritzen attacks the ALJ's finding that he was not fully credible.

An MRI done in September, 2009 revealed a right superior disc extrusion at L4-5, displacing the existing L4 nerve root posteriorly and impinging on the descending nerve root posterolaterally, causing right lateral recess narrowing, moderate central canal stenosis, and moderate bilateral neuroforaminal narrowing that did not appreciably impinge upon the existing nerve roots (tr. 487). Mr. Lauritzen presents two arguments in support of his position.

First, he contends that the ALJ's use of "boilerplate" language is insufficient to support his credibility finding.  He says: "ALJ Morgan's credibility finding was: 'After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairments could have reasonably been expected to produce the alleged symptoms; however, the claimant's statements concerning the intensity, persistence

and limiting effects of these symptoms are not credible to the extent they are inconsistent with the residual functional capacity assessment for the reasons explained below.'" (Doc. 15, p. 27).

He relies on *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012). In *Bjornson,* the court criticized the Commissioner for using this "boilerplate" language, which was described as a "template" to be used by an ALJ in stating his or her findings. The *Bjornson* court held that such language, without more, does not give a reviewing court the ability to determine, as it must, whether the ALJ's credibility determination was factually supported and therefore legally sufficient.[1]

There are two significant problems with Mr. Lauritzen's argument. First and foremost, <u>the language as quoted appears nowhere in the ALJ's decision in this case</u>, although there is a shortened version of it at page 9 of the decision (tr. 23). The misquote is bad enough, and tells the court that counsel is himself using his own boilerplate, but the suggestion that the quoted language, or anything like it, constituted *the entirety* of "ALJ Morgan's credibility finding" is simply false.

Indeed, after stating that Mr. Lauritzen's allegations regarding his symptoms and limitations were not credible to the extent he claimed, the ALJ noted (1) the underlying medical condition in Mr. Lauritzen's back would not reasonably expected to produce incapacitating pain, (2) no doctor had suggested surgery, (3) all Mr. Lauritzen's treatment was conservative, (4) he did not take pain pills, (5) Mr. Lauritzen testified that he could lift 30 to 40 pounds, (6) the records did not indicate that he ever sought treatment on any kind of regular basis, (7) his mother testified that he was a "whole different person" when he took his medication for his mental health difficulties, (8) he indicated that he did cooking and cleaning, (9) he had worked only sporadically before his alleged disability, thus calling into question whether his continuing unemployment

---

[1]Counsel wasted the better part of four pages of his brief quoting extensively from *Bjornson*. As noted herein, *Bjornson* is not persuasive, much less controlling, on the issue at hand.

was actually due to medical impairments, (10) no doctor had ever placed any physical restrictions on his activities, (11) he admitted that he "worked off the books for cash," which raised questions about paying taxes, and (12) he sought work after his claimed disability date, which indicates that he "may not be motivated to find legal employment, and significantly detracts from the credibility of his subjective complaints (tr. 23-24). Each of these points indicate a lack of credibility about the extent of Mr. Lauritzen's pain.

Mr. Lauritzen argues that the ALJ erred in finding that the MRI results would not reasonably be expected to produce incapacitating pain. The Eleventh Circuit has articulated the three-part pain standard, sometimes referred to as the *Hand*[2] test, as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). "[T]he ascertainment of the existence of an actual disability depend[s] on determining the truth and reliability of [a claimant's] complaints of subjective pain." *Scharlow v. Schweiker*, 655 F.2d 645, 649 (5th Cir. 1981) (holding that the ALJ must resolve "the crucial subsidiary fact of the truthfulness of subjective symptoms and complaints").[3] People with objectively identical conditions can experience significantly different levels of pain, and pain is more readily treated in

---

[2] *Hand v. Bowen*, 793 F.2d 275, 276 (11th Cir.1986) (the case originally adopting the three-part pain standard).

[3] Decisions of the United States Court of Appeals for the Fifth Circuit decided prior to September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Pritchard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

some than in others. "Reasonable minds may differ as to whether objective medical impairments could reasonably be expected to produce [the claimed] pain. This determination is a question of fact which, like all factual findings by the [Commissioner], is subject only to limited review in the courts . . . ." *Hand, supra,* at 1548-49. It is within the ALJ's "realm of judging" to determine that "the quantum of pain [a claimant] allege[s] [is] not credible when considered in the light of other evidence." *Arnold v. Heckler*, 732 F.2d 881, 884 (11th Cir. 1984). Thus, a physician may be told by a patient that he or she is in pain, and the physician may believe it, but the ALJ is not bound by that. The evidence as a whole, including the existence of corroborating objective proof or the lack thereof, and not just a physician's belief, is the basis for the ALJ's credibility determination.

Therefore, even if the MRI results would be expected to cause incapacitating pain, the remaining ten factual findings of Mr. Lauritzen's lack of credibility are more then sufficient to discredit his subjective complaints of pain. The ALJ's credibility determination was detailed, was supported by the evidence, and gives this court more than an ample basis for determining whether the credibility determination was legally sufficient. It was, and Mr. Lauritzen is not entitled to reversal on this claim.

    2.    <u>Improper hypothetical.</u>

For his second, and final, claim, Mr. Lauritzen contends that the ALJ erred in not including his claimed physical limitations in the hypothetical questions he posed to the medical expert and the vocational expert. He contends that the ALJ should have included in his hypothetical the fact that Mr. Lauritzen required frequent hospitalization and could not work full time. He argues that "[t]he record is clear that [Mr. Lauritzen] is most stable in a jail or mental hospital setting, and has never been able to maintain employment." (Doc. 15. P. 35). That is true as far as it goes, but it omits what is plain from the record: Mr. Lauritzen spent the great majority of his time in mental institutions and jail due to his drug abuse. The ALJ held specifically that *but for* his drug abuse, Mr. Lauritzen was disabled. Everything that was needed in the hypothetical was included. The ALJ did not err, and Mr. Lauritzen is not entitled to reversal on this

claim.

Accordingly, it is respectfully RECOMMENDED that the decision of the Commissioner be AFFIRMED, that this action be DISMISSED and that the clerk be directed to close the file.

At Pensacola, Florida this 23rd day of February, 2015.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).**